UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAY REYNOLDS,<br><br>                Petitioner,<br><br>vs.<br><br>MERRICK GARLAND, Attorney General of the United States; and RANDY VALLEY, Warden, Idaho State Correction Center;<br><br>                Respondents. | Case No. 1:22-cv-00342-DKG<br><br>**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER** |

Petitioner Ray Reynolds (Petitioner) has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and a request to accelerate determination of this matter before he arrives at the intersection of (1) his full-term release date upon completion of a state criminal sentence from Idaho Department of Correction (IDOC) custody, set to occur on October 5, 2002, and (2) a pending federal detainer for an alleged violation of supervised release issued in his federal criminal case no 1:05-cr-00077-BLW (Case 77). In conjunction with the detainer, a pending warrant for Petitioner's arrest remains outstanding. Dkt. 52 in Case 77.

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 1**

In 2021, Petitioner attempted to resolve the federal detainer issue in Case 77, but he used the wrong legal vehicle—the Interstate Agreement on Detainers Act. His motion was dismissed as without a proper legal basis. *See* Dkt. 57 in Case 77.

The threshold question in this matter is whether § 2241 is the proper legal vehicle for requesting that the state of Idaho release Petitioner after its legal custody of him ends, regardless of the outstanding United States detainer, and/or requesting that the United States be required to act upon its detainer or withdraw it. Section 2241 is a "general grant of habeas corpus authority" that applies to persons held in state custody for reasons other than a state court criminal judgment, including circumstances of "pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." *White v. Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004) (citation omitted), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). On the other hand, 28 U.S.C. § 2254 is the proper vehicle for contesting custody when a prisoner is held under a state court conviction.

As to the state question, if Petitioner's state sentence expires on October 5, 2022, and state officials do not release him, then he may pursue his § 2241 petition, because he would have the right to challenge the state's decision to hold him for a reason other than a lawful state criminal judgment. Section 2254 would also be an option. *See James v. Walsh*, 308 F.3d 162 (2d Cir. 2002).

However, "release" includes two options. State officials may choose to release Petitioner not into freedom, but into the custody of federal officials on the pending

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 2**

detainer, lawfully relinquishing state custody of him and destroying any grounds for a habeas corpus action against the named state custodian.

As to Petitioner's invocation of § 2241 against the representatives of the United States, through whom Petitioner hopes to obtain a resolution of the federal detainer, he again has chosen a legal vehicle that this Court cannot enforce. A federal detainer is issued by the United States Marshal and merely requests that state prison officials notify the Marshal of a prisoner's release date so that a deputy marshal may be present on that day to take custody of the prisoner. *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983).

The United States Supreme Court addressed a similar circumstance in *Moody v. Daggett*, 429 U.S. 78 (1976), and held that the issuance of a detainer does no more than express the United States' intent to defer consideration of the petitioner's supervised release violation and revocation to a later time. *Id.* at 87. As a result, the Court determined that, because the supervised release revocation may or may not happen in the future, the detainer did not currently affect the petitioner's liberty; hence, habeas jurisdiction does not lie in such an instance. Rather, "the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant." *Id*. at 87. *Accord*, *Powell v. U.S. Marshal Off.*, No. 1:09-CV00058LJOTAGHC, 2009 WL 839999, at *3–4 (E.D. Cal. Mar. 30, 2009) ("The Court has no habeas jurisdiction to entertain a challenge to *possible future* federal custody that has yet to eventuate. *Id.* Put another way, insofar as Petitioner's claim seeks relief from a detainer that has yet to be executed, and relief from the outcome of a parole revocation proceeding yet to be

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 3**

conducted, his claims are premature. *See Hopper v. United States Parole Commission,* 702 F.2d 842, 845 (9th Cir. 1983) (state inmate's claims challenging legality of federal parole revocation detainer are premature).").

For the foregoing reasons, it appears that Petitioner's claim against Randy Valley, his current state custodian, is several weeks premature. The Court will not dismiss this case, however, but reassign it to a United States District Judge for further proceedings, because not all parties have consented to the jurisdiction of a United States Magistrate Judge. By the time the District Court reviews this case, Petitioner will know the outcome of his "release." If Petitioner is not released by the IDOC, he may pursue his case under §§ 2241 or 2254. If he is released either outright or into the custody of the United States Marshal (which may mean that the United States Marshal re-incarcerates him in an Idaho facility with which it has a contract, because there is no federal prison facility in Idaho), then his petition will be moot. However, if he is detained by the State, and the United States Marshal does not come to pick him up or lawfully arrange for new legal custody in the same state system, then he may proceed.

It would be appropriate for the United States Attorney General to immediately review this case and determine whether it intends to take custody of Petitioner upon his release from state prison next week, or whether it will withdraw its detainer before that time and permit his release into society, and immediately give notice to all involved. Petitioner, his family and friends, IDOC custodians, and United States government officials all will be able to avoid wasted time and resources if they can base their decisionmaking on what is going to happen, rather than what may or may not happen.

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 4**

## ORDER

**IT IS ORDERED:**

1. This case is reassigned to United States District Judge B. Lynn Winmill, who presides over Petitioner's federal criminal case at issue, because not all parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this matter.

2. Petitioner's Motion to Shorten Time (Dkt. 3) is GRANTED, to the extent that the Court has issued this Order.

3. The Clerk of Court shall provide a copy of this Order to the following counsel at their registered ECF addresses: Joshua D. Hurwit and Christian Samuel Nafzger for Respondent the United States of America, and L. LaMont Anderson for Respondent Randy Valley.

DATED: September 28, 2022

_____
Honorable Debora K. Grasham
United States Magistrate Judge